**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4093
_____

KELLY ROARTY,

Appellant

v.

TYCO INTERNATIONAL LTD GROUP BUSINESS TRAVEL
ACCIDENT INSURANCE PLAN, an employee welfare benefit plan;
LIFE INSURANCE COMPANY OF NORTH AMERICA,
Plan Administrator

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No.: 1-06-cv-00195)
District Judge: Honorable Gregory M. Sleet

_____

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2013

(Opinion Filed: September 26, 2013 )

BEFORE: RENDELL, JORDAN and GREENAWAY, JR., <u>Circuit Judges</u>

_____

## O P I N I O N

**RENDELL**, <u>Circuit Judge</u>:

This matter returns to us on appeal for the second time after we remanded to the United States District Court for the District of Delaware for the trial judge to consider (1) whether there were "extraordinary circumstances" in order to invalidate Tyco International's 2002 Business Travel Accident Plan ("2002 BTA Plan") which eliminated non-business travel death benefits previously provided for in an earlier 2000 version of the Plan, and (ii) if not, whether Daniel Roarty's widow, Kelly Roarty, would be entitled to benefits under the 2002 BTA Plan. We also noted that the District Court could consider on remand Mrs. Roarty's claim against the Life Insurance Company North America ("LICNA") for breach of fiduciary duty under ERISA §502(a)(3).[1]

Mr. Roarty was killed in a tragic accident on August 8, 2004 while returning home from Pittsburgh. Mr. Roarty and his family had left for Pittsburgh from their home in Delaware on August 2, taking two cars so that Mr. Roarty could attend to some business in the Pittsburgh area, after which the family attended a wedding there. The parties are well aware of the evidence pointing in different directions as to whether Mr. Roarty's death occurred while he was on business – in which event the 2002 BTA Plan would provide benefits – or not.

---

[1] We have jurisdiction over this appeal from the final order of the District Court pursuant to 28 U.S.C. § 1291.

The District Court had originally held a one day bench trial and issued a memorandum opinion concluding that Tyco's failure to use measures reasonably calculated to ensure Mr. Roarty's timely receipt of the required summary plan description or summary of material modifications following the modification to the 2000 Plan invalidated the 2002 BTA Plan, such that the 2000 Plan would control, and LICNA's denial was therefore unreasonable.

After we held that Tyco's failure would only invalidate the later Plan if there was a showing of "extraordinary circumstances", and vacated the District Court's order and remanded, the District Court issued a memorandum opinion, relying on its previous findings, supplemented as necessary by new findings consistent with the record from the previous bench trial. The District Court cited the standard we have set for "extraordinary circumstances": "where the employer has acted in bad faith, or has actively concealed a change in the benefit plan, and the covered employees have been substantially harmed by virtue of the employer's actions." Ackerman v. Warnaco, Inc., 55 F.3d 117, 125 (3d Cir. 1995). Mrs. Roarty argued that Tyco was guilty of both bad faith and active concealment, but the District Court disagreed, noting that the Summary of Material Modifications "*did* explain albeit fleetingly 'that the BTA Plan would categorically no longer cover an employee engaged in non-business travel.'" (App. 7.) The Court also rejected the notion that not providing clear materials could equate to concealment, as that "would come dangerously close to collapsing the 'extraordinary circumstances' inquiry." (App. 7.) The Court also distinguished the case from Ackerman on its facts, and

3

concluded that Mrs. Roarty had not demonstrated that "extraordinary circumstances" actually were present.

The District Court then addressed whether the LICNA's denial of benefits under the 2002 BTA Plan was an abuse of discretion given Mrs. Roarty's contention that Mr. Roarty's benefits should be recognized because Mr. Roarty had been on a business trip. The Court ruled that while the language of the policy ("on business for you, and in the course of your business") might be ambiguous, LICNA's interpretation and application were not unreasonable. The Court noted that the Plan explicitly stated that "coverage will end when the covered person…makes a personal deviation" (App. 10) and opined that it was reasonable for LICNA to conclude that the trip lost its business character when Mr. Roarty remained with his vacationing family in Pittsburgh on August 4 after the business aspect of the trip was clearly over. The District Court also rejected Mrs. Roarty's contention that LICNA's investigation was incomplete.

Lastly, the District Court considered Mrs. Roarty's breach of fiduciary duty claim against LICNA and held that she had not met the high standard of falsity and detrimental reliance required.

On appeal, Mrs. Roarty urges that the District Court refused to consider all the facts demonstrating that Mr. Roarty was on a business trip, and the facts underlying her breach of fiduciary duty claim, and had applied the wrong review standard in light of LICNA's conflict of interest.

Regarding the review standard, the Supreme Court has recognized that a conflict of interest can take on greater import and affect the abuse of discretion of standard if

4

structural or historical facts would indicate that a less deferential standard is called for. Metro Life Insurance v. Glenn, 554 U.S. 105 (2008). However, the District Court here acknowledged the structural conflict, and noted that this was but one factor. We see no basis to conclude that, here, the abuse of discretion standard should be adjusted in such a way as to cause us to question LICNA's denial based on any one or more factors.

We find no error in the District Court's assessment of the facts, regarding any of Mrs. Roarty's claims, nor do we find fault with its application of the abuse of discretion standard regarding LICNA's denial of benefits. The District Court's opinion reflects a thorough understanding of the record, and that serious consideration was given to Mrs. Roarty's arguments.

Accordingly, we will affirm the order of the District Court.